**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

ROBERT A. CRUMP,

        Petitioner,

v.                                               ACTION NO.
                                                          2:05cv223

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. §2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying petitioner's petition for writ of habeas corpus.

**I. Statement of the Case**

**A. Background**

Petitioner Robert A. Crump ("Crump") was previously serving a sentence in the custody of the Virginia Department of Corrections at the Warren County Jail in Warren County, Virginia. While in custody, Crump filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 12, 2005, and filed an amended petition on May 12, 2005. Crump filed a motion to continue [Doc. No. 8] on July 20, 2005, a motion for an emergency hearing [Doc. No. 12] on August

22, 2005, and a motion for a preliminary injunction [Doc. No. 16] on September 8, 2005. On September 29, 2005, respondent filed a motion to dismiss [Doc. No. 17]. Crump filed a response to the Motion to Dismiss on October 13, 2005. Respondent then filed a supplement motion to dismiss [Doc. No. 22] on March 22, 2006.

### B. Grounds Alleged

Crump asserts he is entitled to relief under 28 U.S.C. § 2254 because his due process rights were violated due to the following:

    (a)    his parole revocation hearing was delayed;

    (b)    the delay in his parole revocation hearing caused him to be unable to secure witnesses in his behalf;

    (c)    he was denied representation at his parole revocation hearing;

    (d)    his sentence was calculated incorrectly;

    (e)    the Virginia Department of Corrections arbitrarily removed his mandatory parole release date;

    (f)    the Virginia Department of Corrections incorrectly revoked his good time; and,

    (g)    the revocation of his good time was done without a hearing.

### II. Findings of Fact and Conclusions of Law

Crump's claim is moot. Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. See U.S.C.A. Const. art. III, § 2, cl. 1; see also, Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990) (citations omitted). In order to satisfy this requirement, a plaintiff must suffer or be threatened with an actual injury that is traceable to the defendant. The parties must maintain a personal stake throughout the litigation, where a favorable

decision would likely redress the injury. See Lewis, 494 U.S. at 477-78.

The mootness doctrine stems from this Article III requirement. See Western Oil and Gas Ass'n v. Sonoma County, 905 F.2d 1287, 1290 (9th Cir. 1990) (citing Regional Rail Reorganization Act Cases, 419 U.S. 102, 138 (1974)). In general, an action is moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1982) (per curiam) (citations omitted). A mootness inquiry asks "whether there is anything left for the court to do." Western Oil and Gas Ass'n, 905 F.2d at 1290 (quoting Wright, Miller & Cooper, Federal Practice and Procedure, § 3532.1 (2d ed. 1984)).

In this case, Crump's claim is clearly moot. Crump challenges his incarceration due to several alleged due process violations during his parole revocation hearing and the calculation of his sentence. The relief Crump is seeking is release from custody. Crump was released on December 27, 2005; therefore, the Article III case-or-controversy requirement cannot be satisfied. Crump's petition and pending motions should be dismissed as moot.

### III. Recommendation

For the foregoing reasons, the Court recommends that Crump's petition for writ of habeas corpus be DENIED as moot and the respondent's motion to dismiss as well as supplemental motion to dismiss be GRANTED.

Crump's motion to continue [Doc. No. 8], motion for an emergency hearing [Doc. No. 12], and a motion for a preliminary injunction are hereby DENIED.

Crump has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537

U.S. 322 (2003).

### IV. Review Procedure

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

May 15, 2006

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Robert A. Crump
30 East Jackson Street
Front Royal, VA 22630

Richard C. Vorhis, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Fernando Galindo, Acting Clerk

                                 By _____
                                         Deputy Clerk

                                         May    , 2006